UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEE GLOSSON, | No. 2:14-cv-1795 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| T. ELLIOTT, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds against defendant correctional officer T. Elliott for an alleged violation of plaintiff's Eighth Amendment rights. The complaint alleges that defendant Elliott was deliberately indifferent to plaintiff's serious medical need for immediate treatment related to his suicidal and homicidal thoughts. See ECF No. 1 at 6-7. This order addresses plaintiff's request for two extensions of time and appointment of counsel.

I.      Extension of Time to Oppose Defendant's Summary Judgment Motion

Plaintiff has filed his second request for an extension of time to file a response to defendant's motion for summary judgment filed on September 2, 2015. ECF No. 24 at 1. Good cause appearing, the request will be granted. Plaintiff shall have sixty (60) days from the date of this order to file his response.

////

## II. Extension of Time to Conduct Discovery

Plaintiff also requests a thirty-day extension of time to conduct discovery. ECF No. 24 at 2. In support of his request, plaintiff contends that defendant failed to produce: (1) "medical practice and procedures on admission," and (2) "the names of the healthcare provider and insurance company." Id. Plaintiff appears to assert that he cannot proceed until he receives this information from defendant.

Plaintiff is advised that the discovery deadline in this case expired on June 26, 2015. Thus, discovery has been closed for over four months and shall remain closed unless re-opened by the court. In his motion, plaintiff does not explain why he requires an additional thirty days to conduct discovery, other than to state that defendant has not produced the two items requested by plaintiff. Accordingly, the court does not find good cause to re-open discovery and plaintiff's unsupported request for additional time to conduct discovery is denied.

To the extent plaintiff seeks production of discovery he has already requested from defendant, plaintiff is informed that this dispute is properly raised in a motion to compel. In light of plaintiff's pro se status, the court will permit plaintiff to file an untimely motion to compel. The court will entertain the motion even though it will be filed after the June 26, 2015 deadline. However, plaintiff is cautioned that the motion to compel may be denied if he does not provide a sufficient justification as to why, with the exercise of due diligence, he was not able to file the motion prior to the June 26, 2015 deadline. Plaintiff is reminded that in any motion to compel, he must specify what discovery requests are at issue, how defendant responded, and why defendant's objections are unjustified. If plaintiff chooses to file a motion to compel with respect to discovery he already served on defendant, he must do so within twenty-one (21) days from the date of this order.

## III. Request for Appointment of Counsel

Plaintiff also requests appointment of counsel. ECF No. 17. Like most other prisoners, plaintiff states that he is indigent and unlearned in the law. He also states that he requires assistance preparing legal documents and has limited access to such assistance in prison. Plaintiff asserts that his case involves "complex medical issues which plaintiff has no knowledge of" and

that expert opinion will likely be required "since medical issues are involved." Id. at 3-4. Finally, plaintiff states that he is a participant in the Clinical Case Management System (CCCMS) for mental healthcare and takes daily psychiatric medication that" affects his daily activities." Id. at 4.

Plaintiff is informed that district courts do not have authority to require attorneys to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as his ability to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances at this time. Plaintiff is proceeding on a single Eighth Amendment claim against a single defendant based on allegations that defendant was deliberately indifferent to plaintiff's serious medical need when she responded in a joking manner and failed to seek immediate help after plaintiff informed her that he was experiencing suicidal and homicidal thoughts. See ECF No. 1 at 6-7. While medical testimony may be involved should this case proceed to trial, the issues raised by defendant's pending motion for summary judgment are not particularly complex.[1] Furthermore, while plaintiff asserts that he has required assistance of other inmates in preparing his pleadings and pursing this action, plaintiff has chosen wisely, based on the clarity and coherence of the

---

[1] In her motion for summary judgment, defendant asserts that she was not subjectively aware of an imminent risk of harm to plaintiff because she did not believe plaintiff when he said he was feeling suicidal and homicidal. ECF No. 20-1 at 5. Defendant further argues that plaintiff should not be permitted to recover damages because the injuries plaintiff sustained (two cuts on his arm and one over his eyebrow) were de minimis and resulted from plaintiff's own choice to attack his cellmate. Id. at 5-6.

operative complaint.

Nor do the additional reasons proffered by plaintiff in support of his request for appointed counsel demonstrate the required exceptional circumstances. Plaintiff's incarceration, indigence, limited education, and limited access to the prison law library are circumstances common to most prisoners. While plaintiff asserts that his psychiatric medications "affect his daily activities," there is no indication that plaintiff's medications have caused him to be unable to articulate his claims or otherwise pursue this action. Accordingly, plaintiff's request for appointment of counsel is denied at this time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time to respond to defendant's summary judgment motion (ECF No. 24 at 1) is granted;
2. Plaintiff is granted sixty days from the date of this order in which to file a response to defendant's motion for summary judgment;
3. Plaintiff's request for additional time to conduct discovery (ECF No. 24 at 2) is denied without prejudice;
4. Within twenty-one (21) days from the date of this order, plaintiff may file a motion to compel with respect to the two discovery requests described above which have already been served on defendant Elliott; and
5. Plaintiff's motion for appointment of counsel (ECF No. 17) is denied.

DATED: November 3, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE